Filing # 42291155 E-Filed 06/03/2016 11:19:48 AM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

**ROSALYN HAMPTON,**         **CASE NO:**

       **Plaintiff,**

vs.

**TARGET CORPORATION and
ROXY MARTIN,**

       **Defendants.**

_____ /

## COMPLAINT

Plaintiff, ROSALYN HAMPTON, by and through undersigned counsel, sues defendants, TARGET CORPORATION and ROXY MARTIN, and alleges:

1. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00), exclusive of attorney's fees, costs and interest.

2. Plaintiff, ROSALYN HAMPTON, is and was at all pertinent times a resident of Orlando, Orange County, Florida.

3. The defendant, TARGET CORPORATION, is a foreign corporation licensed to do business within the State of Florida which at all times material to this Complaint, was in possession, custody and control, of the premises located at 4750 Millenia Plaza Way, Orlando, Orange County, Florida.

4. The defendant, ROXY MARTIN, is and was at all pertinent times a resident of Orlando, Orange County, Florida.

5. At all times material, ROXY MARTIN, was the defendant's employee in part responsible for the store's maintenance and is thus liable separate and apart from defendant

TARGET CORPORATION. *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357 (1st DCA 2006); *Orlovsky v. Solid Surf*, 405 So. 2d 1363 (4th DCA 1981).

6. This Court has jurisdiction over the subject matter of this action because the incident described in the Complaint occurred in Orange County, Florida.

7. On or about June 17, 2015, the plaintiff was an invitee at the aforementioned TARGET store, owned, managed or controlled by the defendant when she slipped in a liquid substance on the floor and fell to the floor.
As a result the plaintiff sustained serious injuries and other damages.

### COUNT I: NEGLIGENCE - TARGET CORPORATION

The plaintiff re-alleges and incorporates Paragraphs 1 thru 7 and further alleges:

8. The defendant, as owner, property manager and operator of the premises, and as the entity in possession and control of the premises had the following non-delegable duties to the plaintiff and other invitees on the defendant's premises:

    a. Maintaining the premises in a reasonably safe condition to avoid injury to the plaintiff and other customers or invitees;

    b. Inspecting the premises and warn the plaintiff of dangerous conditions, including the one previously alleged, it knew or should have known existed on its property and created an unreasonable risk to the plaintiff; and

    c. Using reasonable care to maintain the premises in a reasonably safe condition and to warn the plaintiff of latent perils.

9. The defendant negligently breached the aforementioned duties by:

    a. Creating the condition which caused plaintiff's injury;

    b. Failing to timely and properly inspect its property for potentially dangerous or unsafe conditions, including the one previously alleged;

    c. Allowing the dangerous condition to exist or remain for an unreasonable length of time thus creating a hazard for customers and invitees;

  d. Failing to warn the plaintiff of unreasonably dangerous condition; and

  e. Failing to address unreasonably dangerous conditions by taking steps to correct said conditions.

10. The dangerous condition that caused the plaintiff's injury had been on the premises long enough that the defendant either knew, or under the exercise of reasonable care should have known, the dangerous condition existed. Nonetheless, the defendant did not take appropriate corrective steps to remedy the condition.

11. As a direct and proximate result of the defendant's negligence, the plaintiff fell and was injured on the defendant's premises and suffered injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and the plaintiff will suffer losses in the future.

WHEREFORE, the plaintiff demands judgment for damages in excess of $15,000.00 against the defendant together with costs, prejudgment interest, and demands trial by jury.

## COUNT II: NEGLIGENT MODE OF OPERATION – TARGET CORPORATION

The plaintiff re-alleges and incorporates Paragraphs 1-7 and further alleges:

12. The defendant, as owner, property manager, and operator of the aforementioned premises, and as the entity that had possession and control of said premises, had the following non-delegable duties:

  a. Implementing policies, methodology, and procedures so as not cause or contribute to the creation dangerous conditions;

  b. Implementing policies, methodology, and procedures designed to prevent the creation or continued existence of dangerous conditions;

  c. Maintaining its premises in a reasonably safe condition to avoid injury to the plaintiff and other customers or invitees to the defendant's business;

      d.    Inspecting its premises and warning the plaintiff of dangerous conditions it knew or should have known existed and which created an unreasonable risk of harm to the plaintiff; and

      e.    Using reasonable care to maintain the premises in a reasonably safe condition warning the plaintiff of latent perils.

13.    The defendant breached the aforementioned duties by:

      a.    Implementing policies, procedures, and methodology which foreseeably caused or contributed to the existence of the dangerous condition described herein;

      b.    Implementing policies, procedures, and methodology that failed to prevent dangerous conditions and/or correct existing dangerous conditions; and

      c.    Otherwise causing, contributing to or condoning conduct and activity on its premises which foreseeably caused or contributed to the creation of dangerous conditions on its premises.

14.    As a direct and proximate result of the defendant's negligence, the plaintiff fell and was injured on the defendant's premises and suffered injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and the plaintiff will suffer losses in the future.

WHEREFORE, the plaintiff demands judgment for damages in excess of $15,000.00 against the defendant together with costs, prejudgment interest, and demands trial by jury.

## COUNT III: NEGLIGENCE - ROXY MARTIN

The plaintiff re-alleges and incorporates Paragraphs 1 thru 7 and further alleges:

15.    The defendant, as property manager and operator of the premises, and as the person in possession and control of the premises had the following non-delegable duties to the plaintiff and other patrons or invitees on the defendant's premises:

    a.    Maintaining the premises in a reasonably safe condition to avoid injury to the plaintiff and other customers or invitees;

    b.    Inspecting the premises and warn the plaintiff of dangerous conditions, including the one previously alleged, it knew or should have known existed on its property and created an unreasonable risk to the plaintiff;

    c.    Using reasonable care to maintain the premises in a reasonably safe condition and to warn the plaintiff of latent perils.

16. The defendant negligently breached the aforementioned duties by:

    a.    Creating the condition which caused plaintiff's injury;

    b.    Failing to timely and properly inspect its property for potentially dangerous or unsafe conditions, including the one previously alleged;

    c.    Allowing the dangerous condition to exist or remain for an unreasonable length of time thus creating a hazard for customers and invitees;

    d.    Failing to warn the plaintiff of unreasonably dangerous condition; and

    e.    Failing to address unreasonably dangerous conditions by taking steps to correct said conditions.

17. The dangerous conditions that caused the plaintiff's injury had been on the premises long enough that the defendant either knew, or under the exercise of reasonable care should have known, the dangerous condition existed. Nonetheless, the defendant did not take appropriate corrective steps to remedy the condition.

18. As a direct and proximate result of the defendant's negligence, the plaintiff fell and was injured on the defendant's premises and suffered injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and the plaintiff will suffer losses in the future.

WHEREFORE, the plaintiff demands judgment for damages in excess of $15,000.00 against the defendant together with costs, prejudgment interest, and demands trial by jury.

## COUNT IV: NEGLIGENT MODE OF OPERATION – ROXY MARTIN

The plaintiff re-alleges and incorporates Paragraphs 1-7 and further alleges:

19. The defendant, as property manager and operator of the aforementioned premises, and as the entity that had possession and control of said premises, had the following non-delegable duties:

    a. Implementing policies, methodology, and procedures so as not cause or contribute to the creation dangerous conditions;

    b. Implementing policies, methodology, and procedures designed to prevent the creation or continued existence of dangerous conditions;

    c. Maintaining its premises in a reasonably safe condition to avoid injury to the plaintiff and other customers or invitees to the defendant's business;

    d. Inspecting its premises and warning the plaintiff of dangerous conditions it knew or should have known existed and which created an unreasonable risk of harm to the plaintiff; and

    e. Using reasonable care to maintain the premises in a reasonably safe condition warning the plaintiff of latent perils.

20. The defendant breached the aforementioned duties by:

    a. Implementing policies, procedures, and methodology which foreseeably caused or contributed to the existence of the dangerous condition described herein;

    b. Implementing policies, procedures, and methodology that failed to prevent dangerous conditions and/or correct existing dangerous conditions; and

    c. Otherwise causing, contributing to or condoning conduct and activity on its premises which foreseeably caused or contributed to the creation of dangerous conditions on its premises.

21. As a direct and proximate result of the defendant's negligence, the plaintiff fell and was injured on the defendant's premises and suffered injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss

of earnings, and loss of ability to earn money. The losses are either permanent or continuing and the plaintiff will suffer losses in the future.

WHEREFORE, the plaintiff demands judgment for damages in excess of $15,000.00 against the defendant together with costs, prejudgment interest, and demands trial by jury.

DATED: June 6, 2016.

/s/ Brian M. Davis
Brian M. Davis, Esquire
The Trial Professionals, P.A.
Florida Bar No: 884650
1218 East Robinson Street
Orlando, Florida 32801
Attorney for Plaintiff
Telephone: (407) 300-0000
Facsimile: (407) 367-0750
Primary Email: Brian@TrialPro.com
Secondary Email: Carol@TrialPro.com